UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3216-BO

| | |
|---|---|
| AUGUSTINE AMUAH,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )　　ORDER<br>) |
| THE GEO GROUP, INC., et al.,<br>　　　Defendants. | )<br>)<br>) |

Plaintiff, an inmate housed at Rivers Correctional Institution in Winton, North Carolina, filed this action in negligence for medical care he received. Defendants, The GEO Group, Inc., Elizabeth Stallings, "FNU" Perry, and "FNU" Harrell, are before the court with a motion to dismiss, or alternatively, a motion for summary judgment.[1] Defendants assert that plaintiff has failed to exhaust his administrative remedies. Plaintiff has responded, and the matter is ripe for determination.

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.,

---

[1] For clarification, "FNU" means "first name unknown" as discussed within plaintiff complaint.

475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The complaint alleges that on February 15, 2010, the GEO defendants were negligent when drawing plaintiff's blood causing plaintiff to fall and suffer injury to the back of his head. Defendants assert plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies prior to filing this action.

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir.2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Furthermore, exhaustion applies not just to section 1983 suits, but to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. This

2

requirement also applies to state law tort claims brought pursuant to federal diversity jurisdiction. Burton v. Collier, 234 Fed. App'x. 255, 255 (5th Cir. 2007) ("To the extent . . . [a] complaint can be construed as raising tort claims, such claims are procedurally governed by federal law, which requires compliance with § 1997e(a).").

Upon arrival to the Rivers facility, prisoners have an intake screening process. (Summ. J. Mot.., Attach. 1, Decl. Jernigan, ¶¶ 5 and 6). As part of the process, prisoners are instructed on reporting concerns and grievances, and are provided a prisoner handbook, which contains policies and procedures regarding such reports. (Id.). Plaintiff underwent this intake screening process, and signed an intake screening form indicating that he received the prisoner handbook. (Id. Decl. Jernigan, Ex. B).

Policy number 12.006 is contained in the prisoner handbook, and is available to prisoners in the Prison's library. (Id. Decl. Jernigan, Ex. A). Plaintiff is aware of the policy. (Resp. to Mot. for Summ. J., p. 2). The policy is entitled Administrative Remedy Procedure and outlines the Prison's Administrative Remedy Process. (Summ. J. Motion., Attach. 1, Decl. Jernigan at Section VI.A). Step one of the two step process requires the submission of a complaint to the Administrative Remedy Coordinator. (Id. at Section VI.I). Pursuant to the policy, Step One complaints must be submitted within twenty (20) calendar days following the date on which the basis for the complaint occurred. (Id.). An extension of time may be requested by demonstrating a valid reason for delay. (Id. at Section VI.K). Step One complaints are reviewed and addressed by the Assistant Wardens, Business Manager, and/or Health Services Administrator, as applicable. (Id. at Section VI.I). Step Two of the Prison's Administrative Remedy Process allows prisoners to appeal Step One decisions by submitting a Step Two complaint to the

3

Administrative Remedy Coordinator. (Id. at Section VI.J). Step Two complaints are reviewed and addressed by the Warden. (Id.). If, after Step Two, prisoners are still unsatisfied with the response to their complaint, they may appeal to the Bureau of Prisons ("BOP"), which has its own Administrative Remedy Program. (Id. at Section VI.L, Decl. Jernigan, Ex. D).

Plaintiff failed to exhaust the administrative remedies set forth in either Policy 12.006 or the BOP Administrative Remedy Program. On May 25, 2010, plaintiff filed a Step One complaint. (Id. Decl. Jernigan ¶ 8). However, the complaint was filed more than twenty (20) calendar days after the date on which his injury occurred, and the complaint was denied in writing by the Prison's Administrative Remedy Coordinator. (Id., Decl. Jernigan, Ex. C). Thereafter, plaintiff did not seek an extension, did not file a Step Two complaint, nor did he appeal to the BOP. (Id. and Response to Mot. for Summ. J.) Thus, plaintiff failed to comply with the PLRA exhaustion requirement by exhausting the prison's administrative remedies.

Therefore summary judgment is GRANTED (D.E. # 16) for defendants and the matter is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

SO ORDERED, this the 24 day of February 2012.

TERRENCE W. BOYLE
United States District Judge